T.C. Memo. 1998-103


UNITED STATES TAX COURT


PARVIZ LAVI and MADELINE LAVI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8023-86.                        Filed March 16, 1998.


<u>Gary S. Weinick</u>, for petitioners.

<u>Peggy Gartenbaum</u> and <u>Patricia A. Riegger</u>, for respondent.


MEMORANDUM OPINION


SWIFT, <u>Judge</u>:  This matter is before us under Rule 155[1] on

the parties' disputed computations of the decision to be entered

herein to reflect properly a settlement agreement the parties

_____

[1]    Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
years at issue.

agreed to with regard to the tax adjustments in dispute and with regard to increased interest under section 6621(c). The years before us in this case are 1979 and 1980.

Stipulations of settlement were filed by the parties on October 6, 1992, and July 7, 1995, respectively. The computational dispute between the parties involves an interpretation of the stipulation of settlement filed on July 7, 1995 (the stipulation).

The stipulation provides, among other things, that respondent's adjustments regarding the so-called Arbitrage Management tax shelter scheme, as those adjustments are set forth in respondent's notice of deficiency for 1979 and 1980, are to be sustained.

Although petitioners' 1981 and 1982 tax years are closed for the filing by petitioners of claims for refund and although those years are not before us in this case, the stipulation provides, by way of settlement, that petitioners' income for 1979 is to be increased by $645,469, which income relates to the netting into petitioners' 1979 tax year adjustments pertaining to Arbitrage Management that arose in 1981 and 1982.

For 1979 and apparently for 1980, petitioners now attempt to offset against the tax adjustments agreed to in the stipulation alleged net operating losses (NOL's) of $174,176 and $184,972, respectively, from petitioners' closed 1981 and 1982 tax years,

which NOL's do not relate to the Arbitrage Management adjustments.

The stipulation does not provide that petitioners would be allowed any NOL deductions carried back from later years unrelated to the Arbitrage Management adjustments.

With regard to increased interest under section 6621(c), the stipulation also states that such interest shall apply to adjustments relating to the "purchase and sale of U.S. Treasury bills and options for the 1979 tax year" (i.e., to the adjustments relating to Arbitrage Management). Contrary to petitioners' contention, the stipulation does not provide for such increased interest to be applied to only 50 percent of the 1979 income tax deficiency relating to the Arbitrage Management adjustments.

Generally, taxpayers and respondent are held to their written stipulations regarding the manner by which disputed tax adjustments are to be settled. Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 320-322 (1988). Petitioners have not established any justifiable basis for being relieved from the stipulation regarding the adjustments relating to Arbitrage Management.

Further, new issues generally are not to be raised in the process of making Rule 155 computations. Harris v. Commissioner, 99 T.C. 121, 124 (1992), affd. 16 F.3d 75 (5th Cir. 1994). Clearly, in the context of the instant Rule 155 computations, the

claimed NOL deductions unrelated to petitioners' investment in Arbitrage Management constitute an impermissible new issue.

Petitioners note that certain alternative computations that respondent made and exchanged with petitioners (of a proposed settlement of the Arbitrage Management adjustments) reflected that the NOL's that petitioners now claim might be available as carryback loss deductions in computing petitioners' taxable income for 1979 and 1980. Petitioners argue therefrom that respondent was on notice of the claimed NOL's and that petitioners' claim, at this time, to such carryback loss deductions for 1979 and 1980 should not be treated as raising a new issue. To the contrary, the record indicates that the 1981 and 1982 claimed NOL's were reflected in respondent's proposed alternative settlement computations on the basis and on the condition that petitioners' 1981 and 1982 tax years were open for statute of limitation purposes for the filing of claims for refund and for audit by respondent. When it was established that petitioners had not timely filed claims for refund for 1981 and 1982 and that those years were closed for both the filing of claims for refund and audit purposes, petitioners' entitlement to such claimed NOL's disappeared, and the claimed losses were properly eliminated from respondent's proposed computations.

The mere fact that respondent, in a case, may be aware generally of claimed NOL's arising in later years not before the Court does not put respondent, or the Court, on notice that such

NOL's are going to be claimed as carryback loss deductions to years that are in dispute in a case.  Generally, taxpayers are under an affirmative obligation to raise specifically such claimed carryback loss deductions as an issue so that respondent and the Court can timely consider the merits thereof.  Rule 34(b)(4).  Lewis v. Commissioner, 90 T.C. 1044, 1051-1053 (1988).

After 9 years of negotiating tax adjustments relating to Arbitrage Management, petitioners and their counsel agreed to the July 7, 1995, settlement stipulation, and petitioners now are not entitled to disavow the stipulation and to raise as new issues for their 1979 and 1980 tax years unrelated claimed NOL's from 1981 and 1982.

The record is clear that respondent's settlement position, of which petitioners, through counsel, were aware, provided that where the settlement reflected a netting in a single year of adjustments relating to a particular tax shelter from a number of years, increased interest under section 6621(c) was to apply to 100 percent of the tax deficiency on the net adjustments, not to just 50 percent of the tax on such adjustments.  Increased interest under section 6621(c) is to be applied against 100 percent of petitioners' income tax deficiency for 1979.

For the reasons stated, the Court will enter respondent's proposed decision.

Decision will be entered

in accordance with respondent's

Rule 155 computation.